Ronald **PROFT** and Jason **Proft, Individually and on behalf of all persons similarly situated, Plaintiffs,**

v.

**WILSON SYSTEMS, INC., Defendant.**

**No. MO:16–CV–00308–RAJ**

United States District Court, W.D. Texas, Midland-Odessa Division.

Signed November 14, 2016

Filed 11/16/2016

Don Foty, Kennedy Hodges LLP, Houston, TX, for Plaintiffs.

Ryan McNeel, C.H. Brockett, Jr., Brockett & McNeel, L.L.P., Midland, TX, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Robert A. Junell, Senior United States District Judge

BEFORE THE COURT is Defendant Wilson System, Inc.'s ("Defendant") Motion to Dismiss and Motion to Strike Plaintiffs Ronald Profit and Jason Profit's ("Plaintiffs") Original Complaint. (Doc. 9). Plaintiffs bring this wage action against Defendant based on their allegation that Defendant misclassified Plaintiffs as independent contractors and denied them overtime pay for all hours worked over forty in a workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Doc. 1). After due consideration, Defendant's Motion to Dismiss and Motion to Strike shall be **DENIED.** (Doc. 9).

### I. BACKGROUND

Plaintiffs filed their Original Collective Action Complaint against Defendant on August 19, 2016, alleging that Defendant required Plaintiffs "to work more than forty (40) hours in a workweek as well attendants." (Doc. 1 at 1). According to the Complaint, "Plaintiffs were hourly paid employees whose primary duty was to perform manual labor at well sites." (Id.). However, Defendant allegedly failed to pay Plaintiffs "overtime pay for all hours worked over forty in a workweek." (Id.). On September 19, 2016, Defendant filed its Answer and Motion to Dismiss. (Docs. 7, 9). On September 30, 2016, Plaintiffs filed their Response in Opposition to the Motion to Dismiss. (Doc. 12). Defendant has not filed a timely Reply. Accordingly, this matter is now ripe for disposition.

### II. LEGAL STANDARD

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011). The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Dismissal is appropriate when the plaintiff fails to allege "enough facts to state a claim that is plausible on its face." *Id. Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" un-

der Rule 12(b). *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

### III. DISCUSSION

Plaintiffs are well site attendants formerly employed by Defendant. (Doc. 1 at 1). Defendant is in the business of managing salt water disposal wells and operates a series of disposal wells across West Texas. (*Id.* at 3). As well site attendants, Plaintiffs work at Defendant's disposal wells pumping waste water down the wells. (*Id.* at 4). Defendant allegedly classified Plaintiffs and other similarly situated well site attendants as independent contractors and paid them an hourly rate without overtime. (*Id.* at 1, 3).

Defendant moves the Court to strike Plaintiffs' FLSA collective action allegations "on the grounds that the Complaint fails to present allegations with some factual support in the form of affidavits, declarations or other documentation to support the conclusory allegations that Plaintiffs have other 'hourly-paid workers' similarly situated to Plaintiffs." (Doc. 9 at 1). In addition, Defendant argues that Plaintiffs have not supplied documentation to support their claim that Defendant has a policy of failing to pay nonexempt employees overtime in violation of the FLSA. (*Id.* at 1–2). However, Defendant fails to support its two-page Motion to Dismiss and Motion to Strike with any legal authorities. After due consideration, Defendant's Motion to Dismiss and Motion to Strike shall be **DENIED**.

To state a prima facie claim for relief pursuant to 29 U.S.C. § 207(a)(1), a plaintiff must state that he or she was or is (1) employed by the defendant; (2) engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce; (3) worked a workweek in excess of forty hours; and (4) received compensation less than one and one-half times the regular rate at which he or she is employed. 29 U.S.C. § 207(a)(1). An employee may bring an action for violating the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b).

### A. Employment Relationship

As to the first element, Plaintiffs allege that Defendant employed Plaintiffs under the economic realities of the relationship. *See Gray v. Powers,* 673 F.3d 352, 354 (5th Cir. 2012) ("The Fifth Circuit uses the 'economic reality' test to evaluate whether there is an employer/employee relationship."). A court considers "whether the putative employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan,* 595 F.3d 610, 620 (5th Cir. 2010). The intent of the worker and the employer, and the label they use to describe their working relationship, does not control whether the worker is an employee. *See Watson v. Graves,* 909 F.2d 1549, 1554 (5th Cir. 1990) ("We must... look to the substantive realities of the relationship, not to mere forms or labels ascribed to the laborer by those who would avoid coverage.").

Plaintiffs claim that Defendant paid them an hourly rate as well site attendants. (Doc. 1 at 3). Plaintiff Ronald Profit worked for Defendant for approximately one year and Plaintiff Jason Profit was employed by Defendant for nine months. (*Id.*). Plaintiffs performed manual labor such as pumping and cleaning for Defen-

dant as well site attendants. (*Id.* at 4). According to the Complaint, Plaintiffs worked 12–hour shifts and commonly worked in excess of 80 hours per week. (*Id.*). Defendant had the ability to hire and fire Plaintiffs, supervise them, and Defendant directed and scheduled their work. (*Id.*). Defendant instructed Plaintiffs when, where and how they were to perform their work. (*Id.*). Defendant required Plaintiffs to submit their hours for approval before they received payment of wages. (*Id.*).

Furthermore, Defendant paid Plaintiffs an hourly rate set by Defendant. (*Id.*). Defendant set the times for Plaintiffs to report to their assigned wells. (*Id.*). Plaintiffs had no control over their well assignments. (*Id.*). Defendant required Plaintiffs to request approval of time off in advance of taking leave. (*Id.*). Defendant provided training to Plaintiffs as to how to perform their jobs. (*Id.* at 5). Plaintiffs worked full time for Defendant precluding them from seeking other employment. (*Id.*). Defendant set Plaintiffs' hours worked. (*Id.*). Finally, Defendant supplied the tools and equipment necessary to perform the work. (*Id.*). Based on these allegations, Plaintiffs have pleaded sufficient facts to show that they and similarly situated well site attendants were employees of Defendant within the meaning of the FLSA under the "economic realities" test.

**B. FLSA Coverage**

■ An employer falls under the enterprise coverage section of the FLSA if it (1) "has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A). First, Plaintiffs' Complaint provides that Defendant has an annual gross business volume of at least $500,000.

(Doc. 1 at 3). Second, the Complaint provides that Defendant has employees engaged in commerce. (*Id.*). Finally, Plaintiffs used tools and equipment acquired from out of state to perform their job duties. (*Id.* at 5). Accordingly, Plaintiffs' Complaint contains factual allegations to support FLSA coverage of Defendant.

**C. Hours Worked and Compensation**

■ In addition, Plaintiffs' Complaint provides that they and similarly situated well site attendants worked more than forty hours per week. (*Id.* at 4). Plaintiffs state that they and the putative class members worked at least 12 hours each day and commonly worked in excess of 80 hours per week. (*Id.*). Lastly, the Complaint alleges that Plaintiffs did not receive overtime compensation. (*Id.* at 3). Specifically, Plaintiffs claim they were paid an hourly rate for each hour worked without overtime pay. (*Id.*). These factual allegations give rise to a plausible claim for relief under the FLSA.

**IV. Conclusion**

In accordance with the preceding discussion, Defendant's Motion to Dismiss and Motion to Strike shall be **DENIED**. (Doc. 9).

It is therefore **ORDERED** that Defendant's Motion to Dismiss and Motion to Strike is hereby **DENIED**. (Doc. 9).

It is so **ORDERED**.